THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY LUCAS, Defendant-Appellant.

Third District No. 3—92—0531

Opinion filed October 5, 1993.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Greg McClintock, State's Attorney, of Monmouth (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Following a jury trial, defendant Jerry Lucas was convicted of unlawful possession of a stolen motor vehicle (Ill. Rev. Stat. 1991, ch. 95½, par. 4—103(a)(1)) and sentenced to 10 years' imprisonment. On appeal, defendant contends that evidence of other crimes was improperly admitted at trial. We affirm.

At approximately 7:30 p.m. on February 11, 1992, Bradley Johnson parked his company car, a 1988 Lincoln Town Car, outside a tavern in Monmouth, Illinois. Johnson left the car unlocked, with the keys in the ignition and the engine running, while he went inside for about 10 minutes to give something to a bartender in the tavern. When Johnson went back outside the car was gone. He called the police and informed them that the car had been stolen. Johnson gave the police a description of the car including the license plate number.

Officer Kip Canfield of the Galesburg police department was on routine patrol in Galesburg in the early morning hours of February 12, 1992. Before beginning his shift, Officer Canfield had read a dispatch from the Monmouth police department concerning the stolen 1988 Lincoln Town Car. At approximately 12:30 a.m., he saw the car described in the dispatch going the wrong way on a one-way street in downtown Galesburg. He followed the car for a few blocks then activated his red lights. The car pulled over, and a man whom Canfield identified as the defendant exited from the driver's side of the car. Upon questioning by Canfield, defendant stated that his name was Jerry Patterson. Canfield conducted a pat-down search of defendant and discovered a wallet. An Illinois identification card inside the wallet bore the name Jerry B. Lucas as well as a photograph of defendant.

Canfield interviewed defendant at the Galesburg police department. When asked about the stolen vehicle, defendant stated that he had been at his mother's house in Monmouth when an acquaintance named James came over and asked defendant if he wanted to go to the Player's Club, a bar in Galesburg. Defendant then went with James to the bar. At some point, James told defendant he wanted to

remain at the Player's Club and that defendant could take the car to another bar and leave James behind. Defendant then drove to Andrew's Lounge, another bar in Galesburg. He stated that some other people went to Andrew's Lounge with him, but he would not say who those other people were. After being at Andrew's Lounge for a while, defendant left and was driving to his grandmother's house when he was stopped by Canfield.

Two acquaintances of defendant who saw him in Galesburg on February 11, 1992, testified on behalf of the State. Donovan Newland testified that he was at the Player's Club in Galesburg with a friend when he saw defendant playing pool. Defendant told Newland that he had ridden to the bar in his sister's car with a friend, but the friend had gotten drunk and left. Newland never saw the defendant with anyone else at the Player's Club. After being at the bar for some time, Newland and some friends decided to go Andrew's Lounge. Before leaving the Player's Club, Newland looked for defendant but could not find him. Newland went to Andrew's Lounge and stayed until the bar closed. He never saw defendant at Andrew's Lounge. Newland's testimony was essentially corroborated by the testimony of Jeff Dowding, another acquaintance of defendant.

Officer David Brooks of the Monmouth police department testified concerning a statement defendant made to him at the Warren County jail on February 12, 1992. Defendant stated that he lived with his mother and her husband in Monmouth. At approximately 6 p.m. the previous evening, he walked to a grocery store near his house. While he was walking home, a white male asked defendant if he wanted a ride home. The man was driving the stolen Lincoln Town Car. Defendant could not remember the man's name. Defendant accepted the ride and was taken to his house. The man then asked defendant if he wanted to go to the Player's Club that night, and defendant agreed to go. The man returned to defendant's house later that evening, and they drove to the Player's Club. Defendant gave Brooks the name of three persons, including Newland and Dowding, who would be able to confirm that defendant had been at the Player's Club with another person. Later that night, defendant drove the Lincoln Town Car to Andrew's Lounge. Some friends of his followed in another car. Defendant walked into Andrew's Lounge, then turned around and walked back out. He did not see his friend's car in the parking lot when he came back out, so he decided to leave. Defendant stated that he was on his way to his grandmother's house when he was stopped by the police.

Defendant presented no evidence at trial. The jury found defendant guilty of unlawful possession of a stolen motor vehicle.

On appeal, defendant argues that the trial court improperly allowed the State to introduce irrelevant and prejudicial evidence concerning a four-year old warrant issued for defendant's arrest in the State of Texas. During Officer Canfield's testimony concerning his interrogation of defendant, the following colloquy occurred:

"MR. McCLINTOCK [State's Attorney]: What did you talk about, just generally?

A. Well, first off, we had found there was a[n] active warrant for his arrest.

\*\*\*

Q. Subsequent to that conversation did you have a conversation with him about anything else?

A. Yes, I did.

Q. What was that conversation about?

A. It was about his warrant.

MR. CAVANAUGH [Defense Attorney]: I object again, Judge.

THE COURT: Overruled.

MR. McCLINTOCK: Where was that warrant from?

A. Dallas, Texas.

Q. What was the warrant for?

A. Escape.

\*\*\*

Q. Officer, the warrant that you mentioned was active at that time?

A. Yes, it was.

Q. Did the information concerning that warrant specify the defendant's name or names?

A. Yes, it did.

Q. What name or names did it specify in that warrant?

A. The name on the warrant was Jerry Bernard Lucas.

Q. Did it have any other names associated with it, or alias names?

A. Yes. It had one other alias.

Q. And what was that?

A. Anthony Patterson.

Q. Did you have any conversation that evening about the defendant and his name or names?

A. Yes.

Q. What did he indicate to you during that conversation?

A. He advised me that he had changed his name to Jerry Patterson."

It is well settled that evidence of other crimes is inadmissible if relevant merely to show the defendant's propensity to commit crime. (*People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238.) The obvious reason for this prohibition is that such evidence tends to overpersuade the jury, which might convict the defendant only because it feels he or she is a bad person deserving punishment. *Lindgren,* 79 Ill. 2d at 137, 402 N.E.2d at 242.

■ The State argues that the officer's testimony was relevant and admissible because it was "part of the continuing narrative discussing all the circumstances of defendant's arrest and questioning." We disagree. Defendant was stopped and arrested because he was driving a vehicle that had been reported stolen, not because of the outstanding warrant. The facts and circumstances surrounding the arrest and questioning could have been easily and sufficiently explained without admission of the prejudicial testimony concerning the warrant.

The State also claims that the testimony concerning the warrant was admissible because the name listed in the Texas warrant as an alias used by defendant was similar to the name defendant first gave to Officer Canfield. Again, we disagree. The identity of the man found driving the stolen car in Galesburg was not an issue in this case. If the State wanted to show that the defendant gave a false name when he was arrested, Officer Canfield could simply have testified that defendant first said his name was Jerry Patterson. Even if this was the same name listed in the Texas warrant as an alias used by defendant, which it was not, we fail to see how evidence concerning any alias used by defendant could possibly be relevant to this case. Because the evidence concerning the Texas warrant had no probative value on the issue of defendant's guilt, we find that the admission of that evidence was error.

However, the erroneous introduction of evidence of other crimes does not constitute *per se* grounds for reversal where the evidence as a whole shows that the accused is guilty beyond a reasonable doubt. (*People v. Pittman* (1984), 126 Ill. App. 3d 586, 467 N.E.2d 918; *People v. Nicholson* (1978), 61 Ill. App. 3d 621, 377 N.E.2d 1063.) Defendant argues that the error should not be found to be harmless because this was a "close case." Defendant contends that although the State may have proved that he possessed the stolen vehicle in Galesburg, which is in Knox County, the State failed to establish that

he possessed the car in Monmouth or anywhere else in Warren County as alleged in the charging instrument.

■ While the evidence was circumstantial, we believe that the State established beyond a reasonable doubt that defendant possessed the stolen vehicle in Warren County. The evidence showed that defendant was in Monmouth at the time the vehicle was stolen. He was found driving the vehicle a few miles over the county line approximately five hours after it had been stolen. Moreover, defendant gave contradictory, improbable and unsubstantiated explanations as to why he was in possession of the stolen vehicle. In light of the evidence presented, we find that the error committed by the admission of evidence concerning the Texas warrant was harmless.

For the reasons stated above, the judgment of the circuit court of Warren County is affirmed.

Affirmed.

McCUSKEY, P.J., and LYTTON, J., concur.